IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV285-1-MU
3:00CR199-MU


| | | |
|---|---|---|
| JOHN BRANDON GARY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |


**THIS MATTER** comes before the Court upon the Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence, filed June 17, 2005; Respondent's Motion for Summary Judgment,

filed December 8, 2006; and Petitioner's Response in Opposition to the Motion for Summary

Judgment, filed February 10, 2007.

For the reasons set forth below, and in Respondent's Motion for Summary Judgment,

Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate, Set

Aside, or Correct Sentence is dismissed.

## PROCEDURAL HISTORY

On October 2, 2000, Petitioner was indicted for five armed bank robberies in violation of

18 U.S.C. §§ 2113(a), 2113(b) and 924(c). After several continuances, Petitioner, represented by

attorneys Noel Tin and Hemphill P. Pride, III, proceeded to trial on February 4, 2002. On

February 11, 2002, the jury convicted Petitioner on five counts of bank robbery, five counts of

armed bank robbery, and five counts of using, carrying, and brandishing a firearm during and in

relation to a crime of violence. On November 21, 2002, this Court sentenced Petitioner to a term of 1,371 months in prison. On November 27, 2002, Petitioner filed a Notice of Appeal.

On appeal Petitioner claimed that this Court erred in admitting latent fingerprint identification evidence at trial. On January 22, 2004, in an unpublished opinion, the Fourth Circuit found no abuse of discretion in admitting the expert's testimony concerning the latent fingerprint identification evidence at trial. However, because § 2113(a) is a lesser included offense of § 2113(d), the Fourth Circuit held that Petitioner's convictions under both statutes were multiplicitious and that this Court committed plain error in imposing concurrent sentences for the lesser included offenses of bank robbery. Accordingly, the Fourth Circuit vacated the five bank robbery convictions and sentences for the lesser included offense, affirmed the remaining convictions and sentences, and remanded the case to this Court for entry of judgment pursuant to the appellate opinion. United States v. Gary, No. 02-4996, slip op. at 2-3 (4th Cir. Jan. 22, 2004).

On April 6, 2004, pursuant to the Fourth Circuit's partial remand, this Court entered an Order vacating Petitioner's convictions and sentences for Counts One, Four, Seven, Ten, and Thirteen, including a reduction of the attendant supervised release and monetary assessments. Thereafter, the Court entered an Amended Judgment sentencing Petitioner to concurrent sentences of 87 months on Counts Two, Five, Eight, Eleven, and fourteen, a consecutive seven-year sentence on the § 924(c) conviction in Count Three and twenty-five year sentences on the § 924(c) convictions in Counts Six, Nine, Twelve, and Fifteen, to run consecutively to each other and the other counts of conviction for a total of 1,371 months in prison.

On June 17, 2005, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence. In his Motion to Vacate Petitioner alleges numerous ineffective assistance of counsel

2

claims and also alleges that his sentence is in excess of the maximum allowed by law.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290. Moreover, courts must be highly deferential to strategic choices made by trial counsel. See Strickland v. Washington, 466 U.S. 668, 689 (1984). Every effort must "be made to eliminate the distorting effects of hindsight . . . ." Id.

Petitioner in very broad terms alleges that he received ineffective assistance of counsel at every stage of his criminal proceeding. The Court notes that Petitioner, who is represented by counsel in this post-conviction proceeding, cites no case law and provides no analysis to support

any of his numerous claims in his Motion to Vacate.[1]  In response to Respondent's Motion for

Summary Judgment, Petitioner provides evidence to support two of his claims and provides

analysis for one other.  The Court will address his allegations below.[2]

**A.  <u>Fingerprint Identification</u>**

Petitioner alleges that his counsel was ineffective for failing "to investigate the identities

of individuals responsible for the fingerprints left at the crime scenes that did not match

Petitioner."  (Pet. Mot. to Vac. 2.)  The above quote is the full extent of the facts, analysis, and

argument provided by Petitioner with regard to this claim.  Petitioner does not address this claim

in his response to Respondent's Motion for Summary Judgment.[3]

A petitioner bears the burden of establishing that his counsel was ineffective.  Petitioner

provides no evidence whatsoever or any facts in support of his claim and this Court finds his

unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of

counsel claim on this issue.  See <u>Nickerson v. Lee</u>, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas

---

[1] This observation by the Court applies to virtually all of the claims asserted by Petitioner and results in the Court's formulaic treatment of many of the claims.

[2] Although Petitioner presents his claims by trial stage, because many of the same claims are asserted in multiple trial stages, this Court will address them by topic.

[3] Attached to Respondent's Motion for Summary Judgment is the affidavit of trial counsel stating that he did attempt to investigate the source of the unmatched fingerprints but that he did not have access to the same data base as the Government and that neither Petitioner nor any other witness could identify individuals from whom voluntary fingerprints could be taken to attempt matches of questionable fingerprints.  (Tin Aff. ¶ 3.)  Even in his present Motion to Vacate Petitioner does not identify any such person.
In addition, Petitioner's counsel filed a Motion in Limine and a supporting memorandum to exclude expert testimony regarding fingerprint identification.  (Tin Aff. ¶ 3.)  Moreover, at trial Petitioner's counsel was able to discredit the Government expert witness by securing her admission that she was not able to exclude a victim teller as the source of the fingerprint on a bank bag that she attributed to Petitioner. (Tin Aff. ¶ 3.)

petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

### B.  Suggestive Line-up

_____Petitioner alleges that his counsel was ineffective at the pre-trial stage for failing to "contest the identification of the Petitioner based on a photo lineup that was unduly suggestive in violation of the due process clause of the United States Constitution."  (Pet. Mot. to Vac. 2.) Petitioner also claims that his counsel was ineffective at the trial stage for "failing to object to the identification of the Petitioner based on a photo lineup that was unduly suggestive in violation of the due process clause of the United States Constitution."  (Pet. Mot. to Vac. 3.)  The above quotes are the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim.  Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.[4]

A petitioner bears the burden of establishing that his counsel was ineffective.  Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

---

[4]  Attached to the Motion for Summary Judgment is an affidavit by trial counsel asserting that he did not contest – through a pretrial motion or at trial – the suggestiveness of the identification procedure because Fourth Circuit law was hostile on this issue.  (Tin Aff. ¶¶ 5, 6.)

## C.  **Chain of Custody**

Petitioner also alleges that his counsel was ineffective at the pre-trial stage for "failing to contest the chain of custody of the bag with the Petitioner's fingerprint."  (Pet. Mot. to Vac. 2.) In addition, Petitioner alleges that his counsel was ineffective at the trial stage for "failing to object to the chain of custody of the bag with the Petitioner's fingerprint."  (Pet. Mot. to Vac. 3.) The above quotes are the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim.  Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.[5]

A petitioner bears the burden of establishing that his counsel was ineffective.  Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

## D. **Admissibility of Non-Positive Identification by Government Witnesses**

Petitioner also alleges that his counsel was ineffective at the pre-trial stage for "failing to contest the admissibility of non-positive identification by witnesses for the government."  (Pet. Mot. to Vac.  2.)  In addition, Petitioner alleges that his counsel was ineffective at the trial stage for "failing to object to the introduction of admissibility of non-positive identification by witnesses for the government."  (Pet. Mot. to Vac. 3.)  The above quotes are the full extent of the

---

[5]  Attached to the Motion for Summary Judgment is an affidavit by trial counsel asserting that he did not contest – through a pretrial motion or at trial – the chain of custody because Fourth Circuit law was hostile on this issue.  (Tin Aff. ¶¶ 5, 6.)

facts, analysis, and argument provided by Petitioner with regard to this claim.  Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.

A petitioner bears the burden of establishing that his counsel was ineffective.  Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

**E. Severance**

Petitioner also alleges that his counsel was ineffective at the pre-trial stage "for failing to move to sever the charges at trial."  (Pet. Mot. to Vac. 2.)  The above quote is the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim.  Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.[6]

A petitioner bears the burden of establishing that his counsel was ineffective.  Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported

---

[6]  Attached to  the Motion for Summary Judgment is an affidavit of trial counsel in which he states that he did not move to sever the charges for separate trials because evidence of the other robberies would have been admissible under Rule 404(b) of the Federal Rules of Evidence. (Tin Aff. ¶ 5.)  Moreover, the Government notes that it was unlikely that a motion to sever would be granted as the offenses involved were strikingly similar an occurred over a short period of time.

conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

## F. **Stipulations**

Petitioner also alleges that his counsel was ineffective at the pre-trial stage "for stipulating to various elements of the charged indictments." (Pet. Mot. to Vac. 2.) The above quote is the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim. Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.

A petitioner bears the burden of establishing that his counsel was ineffective. Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

## G. **Right to Testify**

Petitioner also alleges that his counsel was ineffective at the trial stage of his criminal proceeding "for failing to obtain an on the record judicial inquiry as to the Petitioner's right to testify under the 5th Amendment of the United States Constitution." (Pet. Mot. to Vac. 3.) The above quote is the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim. Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.[7]

---

[7] In its Motion for Summary Judgment, the Government states that in the Fourth Circuit the trial court is not required to advise the defendant of his right to testify or to obtain an on-the-record waiver of that right. See United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1991).

A petitioner bears the burden of establishing that his counsel was ineffective. Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.")

## H. **Juror Misconduct**

Petitioner also alleges that his counsel was ineffective at the trial stage for "failing to request an inquiry or voir dire as to juror misconduct based on jurors drawing on photos in evidence." (Pet. Mot. to Vac. 3.) Petitioner also alleges that his counsel was ineffective at the trial stage for "failing to move for a mistrial based on juror misconduct." (Pet. Mot. to Vac. 3.) In addition, Petitioner argues that his counsel was ineffective at the trial stage for "failing to have juror who committed misconduct excused from panel." (Pet. Mot. to Vac. 3.) Finally, Petitioner alleges his counsel was ineffective for "failing to request a curative or cautionary statement from the court." (Pet. Mot. to Vac. 3.) The above quotes are the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim in his Motion to Vacate.

In its Motion for Summary Judgment, Respondent states no evidence exists that any juror other than the juror who drew the hat saw the photograph at issue. As such, Respondent asserts the claim is meritless. In his response to the Motion for Summary Judgment, Petitioner cites a lone First Circuit case and argues that had counsel requested an investigation the Court would

---

Furthermore, Petitioner's counsel states in his affidavit that he discussed with Petitioner his right to testify at trial. (Tin Aff. ¶ 6.) Petitioner does not dispute this assertion.

have been required to investigate the matter.

Petitioner provides no evidence to support a conclusion that he was prejudiced by his trial counsel's failure to request an investigation, to move for a mistrial, or to move to excuse the juror who wrote on the picture. It is simply insufficient to raise a claim in a post-conviction context based upon pure speculation.[8] The only fact before the Court – a single juror drew a picture of a baseball cap on a picture of the Petitioner – does not automatically establish that there is a reasonable probability that but for counsel's alleged error, the outcome of the trial would have been different. This conclusion is buttressed by the fact that the evidence against Petitioner was quite substantial – numerous eyewitnesses identified him. Petitioner has failed to establish that he was prejudiced by the failure of his counsel to raise these issues and his claims are dismissed.

The above analysis also applies to Petitioner's claim of ineffective assistance of counsel for failure to request a curative instruction. Moreover, the Court notes that after this incident the jury was admonished not to conduct any type of separate investigation and that they must decide the case solely based upon the evidence presented to them. (Trial Trans. 644.) This claim is also dismissed.

**I.  Plea Discussions**

Petitioner alleges that his counsel was ineffective at the pre-trial stage because he failed "to advise or have a meaningful discussion with Petitioner of the potential consecutive sentencing for multiple 924(c) violations such that his decision to plead guilty or not guilty was

---

[8] Significantly, Petitioner provides no evidence as to what an alleged investigation would have uncovered that would have supported his present claim.

prejudiced." (Pet. Mot. to Vac. 2.) The above quote is the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim in his Motion to Vacate.

The Government responds in its Motion for Summary Judgment by arguing that contrary to Petitioner's claim, due to the serious nature of the charges against Petitioner his counsel did advise Petitioner to attempt to strike a plea bargain. (Tin Aff. ¶ 2.) Moreover, Petitioner's counsel states that while the Government was interested in Petitioner's cooperation and any information that he could provide about a homicide and the identity of the individual who assisted him in the robberies, Petitioner declined to cooperate or to entertain the idea of a plea bargain. (Tin Aff. ¶ 2.) Furthermore, Petitioner's counsel asserts that the penalties faced by Petitioner for multiple convictions on his § 924(c) charges "dominated" his discussions with Petitioner and with Petitioner's parents from early in the attorney-client relationship. (Tin Aff. ¶ 4.)

In his Response to the Motion for Summary Judgment, Petitioner again asserts that his counsel failed to inform him as to the consecutive nature of sentences for § 924(c) convictions. (Pet. Aff. ¶ 3.) Petitioner asserts that had he been aware of this fact, he would have entered some type of plea agreement. (Pet. Aff. ¶ 3.) Both Petitioner's mother and father state in affidavits that had they known this fact they would have urged their son to enter some type of plea. (Charles Gary Aff., Darlene Gary Aff.)[9]

The record belies Petitioner's present contention that had he known that the sentences for his § 924(c) convictions would be consecutive he would not have gone to trial but would have

---

[9] The Court notes that such statements are not dispositive of the issue of Petitioner's knowledge of the consecutive nature of § 924(c) convictions.

pled guilty.[10]  At his sentencing hearing Petitioner stated under oath that he had reviewed his presentence report with his attorney.  (Sent. Hearing Trans. 2.)  Petitioner's presentence report clearly set forth that the sentences for his § 924(c) convictions were consecutive.  (PSR Offenses, ¶¶ 102, 103.)  Nevertheless, when given the opportunity to speak at his sentencing hearing Petitioner does not express any surprise at this fact.  (Sent. Hearing Trans. 3.)  Nor does Petitioner express any surprise after his sentence is announced.[11]  (Sent. Hearing Trial Trans. 11.)  Petitioner's failure to indicate any contemporaneous surprise at the nature of his sentence coupled with his trial counsel's affidavit asserting that he did discuss with Petitioner the fact that any sentences he received for § 924(c) violations would be consecutive leads this Court to conclude that Petitioner's counsel was not deficient with regard to informing Petitioner as to the nature of the sentences he faced if convicted.

### J.  **Alibi Defense**

Petitioner alleges that he received ineffective assistance of counsel at the trial stage because his counsel failed "to present Petitioner's alibi defense."  (Pet. Mot. to Vac. 3.)  The above quote is the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim in his Motion to Vacate.

In its Motion for Summary Judgment, the Government provides the affidavit of Petitioner's counsel who in responding to the vague allegation of Petitioner states that he did not

---

[10]  The proposed plea agreement provided by Petitioner would have resulted in a sentence of approximately forty years.

[11]  Petitioner admits that his counsel informed him that he was facing a lot of time.  As such, Petitioner was clearly aware of the serious nature of the charges he faced.  Whether the total term of imprisonment derived from consecutive sentences or one consolidated sentence would not seem to be determinative to a decision of whether or not to plead guilty.

present an alibi defense because the evidence did not support such a defense.[12]  (Tin Aff. ¶ 6.)
More specifically, counsel asserts that he obtained medical records that Petitioner indicated
might provide an alibi but that upon review of these documents counsel concluded they did not
provide an alibi.  (Tin Aff. ¶ 6.)

In response to the Government's Motion for Summary Judgment Petitioner submits
several affidavits and medical records.  More specifically, Petitioner submits affidavits from his
father, his sister, his brother, and his father's attorney.  In addition, Petitioner submits medical
records from his visit to an Urgent Care facility in Raleigh.  Petitioner contends that these
documents support a conclusion that Petitioner had a viable alibi defense for two of the five
robberies.

### 1.  June 7, 2000 Bank Robbery

A review of the evidence presented does not lead this Court to conclude that Petitioner's
counsel was ineffective for failing to present an alibi defense with regard to the June 7, 2000,
bank robbery because at a minimum he does not establish that he was prejudiced.  Nor does it
appear to this Court that counsel was deficient in his investigation of a potential alibi.

With regard to the robbery that occurred on June 7, 2000, Petitioner has now submitted
medical records from an Urgent Care center in Raleigh, North Carolina.  These records indicate
that Petitioner was at the facility at 3:35 p.m. on June 7, 2000.  The robbery on this date occurred

---

[12] Petitioner notes in his Response to Respondent's Motion for Summary Judgment that Petitioner's defense counsel "did not reference any specific witnesses he interviewed or attempted to interview in order to investigate potential alibi's {sic} of Petitioner."  Petitioner fails to take into account the fact that Petitioner's counsel was responding to his vague, non-specific allegation of "failure to present an alibi defense."  Any lack of specificity by Petitioner's defense counsel may be directly linked back to Petitioner's utter lack of specificity with regard to his alibi claim. It is Petitioner's burden to establish his claim in a habeas proceeding.

at approximately 9:47 a.m. in Matthews, North Carolina. As Petitioner himself admits, Raleigh is approximately two and a half hours from Matthews. As such, these records do not provide an alibi for Petitioner.

Petitioner, however, also provides an affidavit from his brother relating to his whereabouts on June 7, 2000. In his affidavit, Petitioner's brother asserts that Petitioner arrived at his house in Raleigh on June 7, 2000, "between the hours of 10:30 a.m. and lunchtime." (Chuck Gary Aff. ) Chuck Gary's affidavit does not necessarily provide Petitioner with an alibi. The robbery took place at approximately 9:47 a.m. in Matthews, North Carolina. Given that Raleigh is two and a half hours away Petitioner could have conceivably robbed the bank and still arrived at his brother's house by 12:30 p.m. or 1:00 p.m. – which is lunch time.

It appears that Petitioner's counsel reached the same conclusion given that he obtained the medical records and had someone from his office speak to Petitioner's brother.[13] (Tin Aff. ¶ 6, Chuck Gary Aff.) The Court concludes that Petitioner's counsel's conduct was not deficient and that Petitioner was not prejudiced by his alleged failure to present an alibi defense.

## 2. April 13, 2000 Bank Robbery

Petitioner also provides alleged alibis that he argues his counsel should have used with regard to the April 13, 2000, bank robbery. More specifically, Petitioner provides an affidavit from a family attorney which sets forth that on April 13, 2000, counsel's records indicate that he had a meeting at 2:00 p.m. with Petitioner's father. (Shealy Aff. ¶ 3.) The attorney states in his

---

[13] The Court is perplexed by Petitioner's brother's passiveness regarding the alleged alibi he could provide for Petitioner. He appears to blame Petitioner's counsel (or his office) for failing to ask the right questions. (Chuck Gary Aff.) No explanation is provided as to why he would not actively provide such information himself.

affidavit, which was drafted almost seven years after the meeting, that "to the best I can recall, John Brandon Gary was present at that meeting." (Shealy Aff. ¶ 4.) First, a blanket "to the best I can recall" is insufficient to establish Petitioner's presence on that day.[14] Second, even if Petitioner were at the attorney's office in Columbia, South Carolina at 2:00 p.m., such a fact does not provide Petitioner with an alibi. The bank robbery in question occurred at 9:55 a.m. in Huntersville, North Carolina. As such there would be ample time for Petitioner to commit the robbery and still be at the attorney's office.

Petitioner also provides the affidavit of his sister, Deidra Lane, to account for his whereabouts the morning of the April 13, 2000, robbery. In her affidavit, Ms. Lane broadly asserts that on April 13, 2000, Petitioner was with her all morning until 11:30 a.m. (Lane Aff. ) The Court has great difficulty accepting Ms. Lane's affidavit at face value. The affidavit is extremely vague. Moreover, despite supposedly having an airtight alibi for her brother for the morning of one of the robberies, she does not assert that she contacted Petitioner's counsel and specifically informed him of this alibi. Indeed, her affidavit was signed almost seven years after the robbery. Of course it does not escape this Court's attention that the affiant was convicted of a crime of dishonesty - conspiracy to commit bank larceny - in this Court in 2003. (3:00cr200-1-MU). Moreover she was convicted in 2003 in state court of voluntary manslaughter. Based upon the vague nature of the alibi, its belated assertion, and Ms. Lane's past crime of dishonesty, this

---

[14] Interestingly, Mr. Shealy provides no reason as to why he believes Petitioner was present at a business meeting he had with Petitioner's father. The absence of details undermines the reliability of his affidavit. Moreover, this Court finds Mr. Shealy's assertion that Petitioner's criminal defense attorney contacted him twice but did not question him about a potential alibi puzzling. No explanation is provided as to why else Mr. Tin would call him. In addition, if Petitioner had been with Mr. Shealy at a time that would provide an alibi it is unclear to the Court why Mr. Shealy would not have raised this matter himself.

Court finds Deidra Lane's affidavit incredible  As such, this Court cannot conclude that Petitioner's counsel's performance was deficient or that Petitioner was prejudiced. Consequently, his ineffective assistance of counsel claim on this basis fails.

### K. Sentencing Enhancement Founded upon Facts not Found by a Jury

_____Petitioner alleges that his counsel was ineffective during the sentencing stage of his criminal proceeding because he failed "to object to the sentencing judge's enhancement of the Petitioner's sentence based on facts not found by the jury beyond a reasonable doubt or admitted by the Petitioner." (Pet. Mot. to Vac. 3.)  Petitioner also alleges that his appellate counsel was ineffective for failing to raise the issue of the "sentencing judge's enhancement of the Petitioner's sentence based on facts not found by the jury beyond a reasonable doubt or admitted by the Petitioner." (Pet. Mot. to Vac. 4.)  The above quotes are the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim in his Motion to Vacate.  Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.[15]

A petitioner bears the burden of establishing that his counsel was ineffective.  Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

---

[15] In its Motion for Summary Judgment, the Government states that it is assuming that Petitioner is asserting a claim pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Government argues that the maximum penalty under § 924(c) is life imprisonment and that therefore the application of § 924(c)(1)(A)(ii) and § 924(c)(1)(C)(1) did not expose Petitioner to a penalty greater than that already allowed under statute.

### L.  Consecutive Sentences

Petitioner alleges that his counsel was ineffective during the sentencing stage because he failed "to object to the consecutive sentences imposed for 924(c) and bank robbery violations based on the same set of facts as a double jeopardy violation."  (Pet. Mot. to Vac. 4.)   Petitioner also alleges that his appellate counsel was ineffective for failing to raise the issue of "consecutive sentences imposed for 924(c) and bank robbery violations based on the same set of facts as a double jeopardy violation."  (Pet. Mot. to Vac. 4.)   The above quotes are the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim in his Motion to Vacate.  Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.[16]

A petitioner bears the burden of establishing that his counsel was ineffective.  Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue.  See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

### M.  Mandatory Application of Sentencing Guidelines

Petitioner alleges that his counsel was ineffective during the sentencing stage of his

---

[16] In its Motion for Summary Judgment, the Government argues that the law is clear that the imposition of consecutive sentences does not violate the Double Jeopardy Clause.  See United States v. Shaver, 820 F.2d 1377 (4th Cir. 1987)(the district court did not err by imposing consecutive sentences for § 2113(d) and § 924(c) violations); United States v. Lawson, 64 F. App'x 380, 381 (4th Cir. 2003)(conviction under both § 2113(d) and § 924(c) does not violate Double Jeopardy); United States v. Brice, 20 F. App'x 155, 155 (4th Cir. 2001)(same); United States v. Floyd, 229 F.3d 1144, 1144 (4th Cir. 1995)(same).

criminal proceeding because he failed "to object to the federal sentencing guidelines being applied in a mandatory manner." (Pet. Mot. to Vac. 4.) Petitioner also alleges that his appellate counsel was ineffective for failing to raise the issue of "the federal sentencing guidelines being applied in a mandatory manner." (Pet. Mot. to Vac. 4.) The above quotes are the full extent of the facts, analysis and argument provided by Petitioner with regard to this claim in his Motion to Vacate. Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.[17]

A petitioner bears the burden of establishing that his counsel was ineffective. Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

**N. Variance**

Petitioner alleges that his counsel was ineffective during the sentencing stage of his criminal proceeding because he failed "to request a variance from the federal sentencing guidelines." (Pet. Mot. to Vac. 4.) The above quote is the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim in his Motion to Vacate. Petitioner

---

[17] At the time of Petitioner's sentencing the United States Sentencing Guidelines were mandatory. The Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005) was not issued until January 12, 2005.

does not address this claim in his response to Respondent's Motion for Summary Judgment.[18]

A petitioner bears the burden of establishing that his counsel was ineffective. Petitioner provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

**O. Erroneous Enhanced Violation**

Petitioner alleges that his counsel was ineffective during the sentencing stage of his criminal proceeding because he failed "to object to enhanced violations for sentences based on subsequent 924(c) violations due to the failure of the indictments for said violations to specify a specific prior violation of 924(c) as an element of offense." (Pet. Mot. to Vac. 4.) Petitioner also alleges that his appellate counsel was ineffective for failing to argue the issue of enhanced violations for sentences based on subsequent 924(c) violations due to the failure of the indictments for said violations to specify a specific prior violation of 924(c) as an element of offense." (Pet. Mot. to Vac. 4.) The above quotes are the full extent of the facts, analysis, and argument provided by Petitioner with regard to this claim in his Motion to Vacate. Petitioner does not address this claim in his response to Respondent's Motion for Summary Judgment.

A petitioner bears the burden of establishing that his counsel was ineffective. Petitioner

---

[18] In its Motion for Summary Judgment, the Government argues that the law is clear that a second or subsequent conviction under § 924(c) need not be charged in the indictment or proved beyond a reasonable doubt. See United States v. Cristobal, 293 F.3d 134, 147 (4th Cir. 2002); Deal v. United States, 508 U.S. 129 (1993).

provides no evidence whatsoever or any facts in support of his claim and this Court finds his unsupported, conclusory allegations wholly insufficient to support an ineffective assistance of counsel claim on this issue. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

## II.  SENTENCE IN EXCESS OF MAXIMUM ALLOWED BY LAW

Petitioner alleges that his sentence is in excess of the maximum authorized by law because his sentence was based on facts not found by the jury beyond a reasonable doubt and based on facts found by the Court in violation of the Sixth Amendment. (Pet. Mot. to Vac. 5.) Petitioner also claims that his consecutive sentences for § 924(c) and § 2113 (d) based on the same set of facts violates the Double Jeopardy Clause of the United States Constitution. (Pet. Mot. to Vac. 5.)

Claims that could have been raised on appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998)(habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). A review of the record reveals that Petitioner did not raise these issues in his direct appeal. Nor does he establish cause and prejudice to excuse his default of these claims. While Petitioner did raise both of these claims under the rubric of ineffective assistance of counsel he did not establish that he received ineffective assistance and as such he does not establish any cause to excuse his default.

Moreover, even if these claims were not procedurally defaulted, for the reasons previously stated herein and in Respondent's Motion for Summary Judgment, they are meritless. Both claims are dismissed.

**THEREFORE, IT IS HEREBY ORDERED that**:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DENIED and DISMISSED.**

Signed: August 22, 2008

Graham C. Mullen
United States District Judge